# CIRCUIT COURT OF FAIRFAX COUNTY

In re Estate of
Michele M. Shoemaker-Liebel,
deceased

April 11, 2006

Case Nos. (Civil) 2006-2874,
(Fiduciary) 2006-150

BY JUDGE ARTHUR B. VIEREGG

On Friday, March 24, 2006, Mr. Stoner and Mr. Denier appeared before me on the Estate's motion to adjudicate the rights in the family residence, 1830 Woodgate Lane, McLean, Virginia 22101. During oral argument, both parties conceded that no issue of material fact existed as to the ownership of this property, that is that the Michele M. Shoemaker Trust (the "Shoemaker Trust") owns the property. On March 26, 2006, I wrote to request the Michele M. Shoemaker Trust documents, which Mr. Holleran provided on March 30, 2006. I write today to give my decision.

*Background*

Michele M. Shoemaker-Liebel married Colonel John P. Liebel on July 8, 1995. For the duration of their marriage, the couple resided in a home located at 1830 Woodgate Lane in McLean, Virginia (the "Woodgate Lane property"). The home was purchased by Ms. Shoemaker-Liebel prior to her marriage. On July 7, 1995, one day prior to marrying Colonel Liebel, Ms. Shoemaker-Liebel conveyed the Woodgate Lane property to Michele M. Shoemaker, Trustee of the Shoemaker Trust pursuant to a Trust Agreement executed on June 13, 2005. Ms. Shoemaker-Liebel died testate on December 20, 2005. Pursuant to Va. Code § 64.1-16.4 (2006), Colonel Liebel has

requested to remain in the Woodgate Lane property while his elective share in Ms. Shoemaker-Liebel's estate is determined.

*Decision*

The question before this Court is whether the Woodgate Lane property is part of Ms. Shoemaker Liebel's augmented estate as defined in Va. Code § 64.1-16.1. If so, Colonel Liebel has a statutory right to remain in the property until his elective share is determined. If not, then, absent any other proof of ownership or right to the property, Colonel Liebel must vacate it.

In *Chappell v. Perkins*, the Supreme Court explained the augmented estate as follows:

> The legislation defining the augmented estate begins with the value of the property in the decedent's probate estate. That value is increased by the value of certain property previously transferred by the decedent. Code § 64.1-16.1(A). The value of the augmented estate is then decreased by excluding the value of certain property identified in Subsection B of Code § 64.1-16.1.

266 Va. 413, 418, 587 S.E.2d 584 (2003); Va. Code § 64.1-16.1. Notably, the augmented estate does not include any pre-marriage transfers. *See* Va. Code § 64.1-16.1.

The Trust Agreement, dated June 13, 1995, plainly declares Ms. Shoemaker's intent to convey the Woodgate Lane property to the Shoemaker Trust for the benefit of her daughter, Anne Catherine Jansen. This intent was fulfilled by the execution of the Deed of Bargain and Sale on July 7, 1995. Both of these events predated the Liebel marriage. Neither document mentions Colonel Liebel. Given these undisputed facts, I conclude the Woodgate Lane property is not a part of the decedent's augmented estate. *See* Va. Code § 64.1-16.1. Further, Mr. Long's contention that the Shoemaker Trust may be required to contribute to his elective share under Va. Code § 64.1-16.2(C) thereby affording him a right to the property is without merit. It is speculative and unsupported by any evidence. As the Shoemaker Trust was not a transferee during the Liebel marriage, the Shoemaker Trust may not be required to contribute to the elective share. *See* Va. Code § 64.1-16.2. Accordingly, because Colonel Liebel has failed to prove that he has any interest in the Woodgate Lane property or that he may be entitled to any future interest, the Estate's motion is granted.

*Conclusion*

For the foregoing reasons, since Colonel Liebel will not be entitled to the Woodgate Lane property in an elective share distribution, he shall vacate the Woodgate Lane property within thirty days of entry of an order in this matter.